IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOHN H. BIEDRZYCKI,**

    **Petitioner**

**v.**     //    **CIVIL ACTION NO. 1:11CV6**
    **(Judge Keeley)**

**TERRY O'BRIEN,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION FOR LEGAL ASSISTANCE [DKT. NO. 41], AND DENYING MOTION FOR WRIT OF CORAM NOBIS AND AUDITA QUERELA [DKT. NO. 47]**

**I.**

On January 20, 2011, the pro se petitioner, John H. Biedrzycki ("Biedrzycki"), filed an Application for Habeas Corpus against the respondent, Terry O'Brien ("O'Brien"), pursuant to 28 U.S.C. § 2241 (dkt. no. 1). This Court then referred the matter to United States Magistrate Judge James E. Seibert for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation Procedure 83.02. On May 2, 2011, Judge Seibert ordered O'Brien to respond to the petition. On June 29, 2011, O'Brien, who is the Warden at USP Hazelton, moved to dismiss the case (dkt. no. 28). On July 5, 2011, Biedrzycki, apparently in the mistaken belief that the May 2 order required a response from him, filed a "Motion to Grant Petitioner Relief Due to Supportive Claim" (dkt. no. 30). He then responded to O'Brien's motion to dismiss by filing a "Motion for Responding to Government Exhibit #1" (dkt. no. 39) on August 26, 2011, and a "Motion to Suppress Evidence" (dkt. no. 41)

**BIEDRZYCKI v. O'BRIEN**                                                1:11CV6

### ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION FOR LEGAL ASSISTANCE, AND DENYING MOTION FOR WRIT OF CORAM NOBIS AND AUDITA QUERELA

on September 23, 2011.[1] On October 14, 2011, Judge Seibert issued an Opinion and Report and Recommendation ("R&R") recommending that the Court grant O'Brien's motion to dismiss and dismiss Biedrzycki's petition with prejudice (dkt. no. 42).

The R&R stated that any party could file objections within fourteen days of being served. On November 1, 2011, Biedrzycki filed a "Motion for Writ of Error" (dkt. no. 45), which the Court construes as a timely filed objection, and then also filed "Objections to Magistrate Report and Recommendation" on November 14, 2011 (dkt. no. 46). Both documents object to Judge Seibert's conclusion that the sentencing court properly applied a four-level increase pursuant to U.S.S.G. § 2K2.1(b)(5)[2], as a result of which the petitioner received a higher security classification from the Bureau of Prisons. The sentencing court applied this specific offense characteristic because it concluded that Biedrzycki had used a firearm in connection with another felony, the shooting of Annette Mears. Biedrzycki argues that this

---

[1] Biedrzycki's motion to suppress requests this Court to order the Pennsylvania Court of Common Pleas of Philadelphia County to produce a "not guilty" or "guilty" verdict for a May 10, 1999 assault charge referenced in the presentence report. Biedryzcki's petition is, in large part, based upon his assertion that this charge, for which he was not convicted, should not have been considered by the sentencing court.

[2] Under the current revision of the Guidelines, this provision is found at § 2K21.1(b)(6).

2

**BIEDRZYCKI v. O'BRIEN**                                          1:11CV6

**ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING
MOTION FOR LEGAL ASSISTANCE, AND DENYING MOTION
FOR WRIT OF CORAM NOBIS AND AUDITA QUERELA**

enhancement was improper because the government offered "no supporting evidence" to prove that he possessed a firearm in connection with a felony.

**II.**

Following review of the record and after conducting a de novo review of the matters before the Magistrate Judge, the Court **FINDS** that Biedrzycki's objections are without merit. As noted by Judge Seibert, Application Note 14(C) to § 2K2.1(b)(5) defines "another felony offense" as "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." That Biedrzycki was never convicted of shooting Annette Mears is irrelevant; the facts establish that he possessed a firearm in connection with the felonious act. Contrary to the petitioner's contention that there is nothing in the record to justify this enhancement, the presentence report includes a detailed account of the shooting and specifically identifies Biedrzycki as the shooter (dkt. no. 1-8 at ¶¶ 16-21). Accordingly, the Court **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 42).

**BIEDRZYCKI v. O'BRIEN**                                              **1:11CV6**

**ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING
MOTION FOR LEGAL ASSISTANCE, AND DENYING MOTION
FOR WRIT OF CORAM NOBIS AND AUDITA QUERELA**

## III.

In connection with his Petition, Biedrzycki has filed a "Motion for Legal Assistance to Indigents by Law Students" (dkt. no. 41) and a "Motion for a Writ of Coram Nobis and/or Audita Querela, and Request for Appointment of Counsel and Further Briefing" (dkt. no. 47). The Court **DENIES** the motion for legal assistance from a law student inasmuch as, although the Local Rules allow for a law student to voluntarily appear on behalf of an indigent, no authority grants the petitioner a right to such assistance. See LR Gen P 83.04.

The Court also **DENIES** the petitioner's motion for a writ of coram nobis or, in the alternative, audita querela, which it finds is without merit. Pursuant to 28 U.S.C. § 1651, a petitioner may move for a writ of error coram nobis to vacate his conviction where there was a "fundamental error resulting in conviction, and no other means of relief is available." In re McDonald, 88 Fed. App'x 648, 649 (4th Cir. 2004) (citing United States v. Morgan, 246 U.S. 502, 509-11 (1954)). However, this is a "drastic remedy and should be used only in extraordinary circumstances." Id. In support of his motion, Biedrzycki once again argues that the sentencing court's application of the § 2K2.1(b)(5) enhancement was improper. Reasserting claims already rejected by the Court in other post-conviction motions does not constitute a showing of "fundamental

4

**BIEDRZYCKI v. O'BRIEN**                                              1:11CV6

**ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING
MOTION FOR LEGAL ASSISTANCE, AND DENYING MOTION
FOR WRIT OF CORAM NOBIS AND AUDITA QUERELA**

error." See In re Fiorani, 396 Fed. App'x 924, 925 (4th Cir. 2010). Likewise, a writ of audita querela may only be granted when no other avenues of relief are available. In re Wright, 437 Fed. App'x 214, 214 (4th Cir. 2011). Where, as here, a petitioner attempted, and failed, to pursue his claim through an alternative remedy such as a § 2255 petition, a writ of audita querela is not available. Id.

**IV.**

Accordingly, for the reasons discussed, the Court:

1. **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 42);

2. **GRANTS** the respondent's motion to dismiss (dkt. no. 28);

3. **DISMISSES** the petition (dkt. no. 1);

4. **DENIES-AS-MOOT** the petitioner's "Motion to Grant Relief Due to Supportive Claim" (dkt. no. 30), "Motion for Responding to Government Exhibit #1" (dkt. no. 39), and "Motion to Suppress Evidence" (dkt. no. 40);

5. **DENIES** the petitioner's motion for legal assistance (dkt. no. 41) and motion for a writ of coram nobis or, in the alternative, audita querela (dkt. no. 47); and

6. **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and stricken from the Court's docket.

**BIEDRZYCKI v. O'BRIEN** 1:11CV6

**ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION FOR LEGAL ASSISTANCE, AND DENYING MOTION FOR WRIT OF CORAM NOBIS AND AUDITA QUERELA**

**V.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Because Biedrzycki is proceeding pro se, the Court notes that any party wishing to appeal this dismissal must file a notice of appeal with the Clerk of this Court within thirty (30) days of the entry of judgment, pursuant to Fed.R.App.P. 4(a).

Dated: December 21, 2011

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE